UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARTIN A. MELÉNDEZ,

    Petitioner,

v.

STEVE MORA (WARDEN),

    Respondent.

Civil No. 3:14-cv-1328 (JAF)

**OPINION AND ORDER**

This matter is before the court on pro-se petitioner Martin A. Meléndez-Pérez's application for writ of habeas corpus (Docket No. 1) pursuant to 28 U.S.C. § 2241 (the "Petition") and the Government's unopposed motion to dismiss (Docket No. 9). The court has reviewed the filings and applicable law and, hereby, GRANTS the Government's motion.

**I.**

**Factual and Procedural Background**

On March 5, 2008, authorities in the Commonwealth of Puerto Rico arrested Petitioner Martin A. Meléndez-Pérez (hereinafter "Meléndez") and charged him with state criminal law violations. Puerto Rico held Meléndez at the Puerto Rico State Prison while his charges pended. The Puerto Rico State Prison released Meléndez to the United States Marshals' Service on April 9, 2008, in order for him to appear and face charges in the United States District Court for the District of Puerto Rico. On May 22, 2008, the Humacao First Instance Court of Puerto Rico sentenced Meléndez to seven years in State Prison. Thereafter, the U.S. District Court for the District of Puerto Rico sentenced him to

thirty-seven months of imprisonment to run consecutive to the State-imposed sentence. Meléndez returned to State Prison on May 19, 2009, and completed his State sentence on October 21, 2012. He returned to MDC Guaynabo on November 3, 2012, to complete his federal sentence and is projected to be released via Good Time Conduct on August 3, 2015.

Meléndez petitions this court to recalculate his release date in consideration of the time he spent in federal prison from April 9, 2008, to May 19, 2009. The Government opposes Meléndez's petition stating that he had failed to exhaust the administrative remedies available through the Federal Bureau of Prisons. Additionally, the Government states that Meléndez is not entitled to jail time credit on his federal sentence during his incarceration from April 9, 2008, to May 19, 2009.

## II.

### Law and Analysis

An application for habeas corpus under 28 U.S.C. § 2241 is the proper method for a prisoner seeking judicial review of a jail-time credit determination. *Rogers v. United States,* 180 F.3d 349, 358 (1st Cir. 1999). Prior to seeking judicial review, however, the prisoner must have exhausted his administrative remedies with the Bureau of Prisons. *Id.* at 357-58; *See United States v. Wilson*, 503 U.S. 329, 335 (1992).

To achieve exhaustion in this case under the Federal Bureau of Prisons regulations, Meléndez needed to first attempt informal resolution of his complaint by discussing the matter with a member of his Unit Team, then to submit a formal request for an administrative remedy to the Warden of the institution, then to file a regional appeal followed by a national appeal to General Counsel. 28 C.F.R. §§ 542.13–15.

Here, Meléndez does not dispute that he has failed to exhaust his administrative remedies. Instead, he asks the court to waive the exhaustion requirement under the futility exception. A prisoner's failure to exhaust available administrative remedies may be excused when pursuing such remedies would be futile or unable to afford the petitioner the relief sought. *See, e.g., Aron v. LaManna*, 4 Fed.Appx. 232, 233 (6th Cir. 2001) (unpublished) (noting exceptions); *Muniz v. Zickefoose*, 460 Fed.Appx. 165, 166 (3rd Cir. 2012); *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief ... [though] [a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile.") (citations omitted).

Meléndez has not met his burden. Assuming the facts in the petition for habeas corpus are true, Meléndez approached his case manager regarding obtaining jail time credit off his federal sentence for the period from April 9, 2008, through May 19, 2009. On June 24, 2013, Meléndez sent a request through electronic means to "Mrs. Maria Diaz" for clarification of his jail time credit. There is nothing in the record indicating a response to the June 24, 2013, request until November 22, 2013, at which time the Designation and Sentence Computation Center advised Meléndez that he had already received credit towards his state sentence for the time served for the period from April 9, 2008, through May 19, 2009.

Although the five-month delay in responding to Meléndez's request is unexplained, Meléndez has not demonstrated that he followed the proper protocol for exhausting the administrative remedy. Moreover, upon receipt of the explanation for the computation of his release date, Meléndez ceased his efforts to exhaust his administrative remedies. He wants the court to find that pursuing his administrative remedies would be

futile since they "ignored" his original request. That is simply not the case. Just because he disagrees with the response he received does not mean that the process would be futile. If that were so, there would be no reason to have the multiple levels of appeals set forth in 28 C.F.R. §§ 542.13–15. In fact, that is the very purpose of the process.

Meléndez also argues that requiring him to exhaust his administrative remedies would take too long, thereby depriving him of receiving meaningful credit. However, five months passed from his receipt of the explanation before Meléndez filed suit in this court; thus, Meléndez's argument fails by his own inaction.

Petitioner Martin A. Meléndez-Pérez failed to exhaust his administrative remedies prior to seeking habeas review. Accordingly, the Government's motion to dismiss the petition is hereby GRANTED.[1]

### III.

### **Certificate of Appealability**

It is further ORDERED that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). Judgment shall be entered accordingly.

### IV.

### **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2241 motion (Docket No. 1). Pursuant to the spirit and logic of Rule 4(b) of the Rules Governing § 2255

---

[1] The court notes that Petitioner's request would also fail on the merits since he received credit towards his state sentence or the time served for the period from April 9, 2008, through May 19, 2009. 18 U.S.C. § 3585(b)(2) makes "clear that a defendant [can]not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Case 3:14-cv-01328-JAF   Document 11   Filed 10/20/14   Page 5 of 5

Civil No. 3:14-cv-1328 (JAF)                                                                                      -5-

Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2241 relief from this court.[2]

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of October, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE

---

[2] The Rules Governing Section 2254 and 2255 Proceedings do not apply *ex proprio vigore* to section 2241 petitions, but the logic behind the rules should be followed under these circumstances.